UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiffs,<br>vs.<br><br><br>HERBERT CALI SIMILTON,<br><br>   Defendants. | No.  2:18-cr-00169-KJM-1<br><br><br>ORDER |

Defendant Herbert Similton, represented by retained counsel Gabriel Pacheco, moves for compassionate release under 18 U.S.C. § 3582.  He claims his health conditions (Asthma, Sinusitis and Hepatitis C) put him at risk of serious COVID-19 symptoms.  Mot., ECF No. 32.  At the time defendant filed his motion, he had served approximately 43.3 percent of his sentence.  Opp'n, ECF No. 38 at 2.  The government opposes the motion and argues that Mr. Similton's medical conditions do not justify reduction of his sentence given the seriousness of his offense and his prior COVID-19 diagnosis and recovery.  Opp'n, ECF No. 38.  As explained below, the court DENIES the motion.

Mr. Similton has attached the letter he sent to the Warden of FCC Lompoc requesting compassionate release, which is dated May 18, 2020.  Mot. Ex. 1.  The government does not dispute that he has satisfied the applicable administrative exhaustion requirements.

1

Under § 3582(c), if a defendant has first exhausted administrative remedies as here, the court must then find "extraordinary and compelling reasons" in order to grant a request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The court also considers the sentencing factors of § 3553(a) to the extent they are applicable, and whether the defendant would pose "a danger to the safety of any other person or to the community" if released. *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *3 (D. Alaska Apr. 24, 2020) (citing U.S.S.G. § 1B1.13(2)).[1]

Here, Mr. Similton's health conditions are among those that probably increase his likelihood of complications from COVID-19, according to the CDC. But they are not among those for which public health professionals have been able to establish a clear link to increased risk in the face of COVID-19. Both moderate to severe asthma and hepatitis C are conditions that may place a person at increased risk of complications.[2] Despite the lack of certainty, other courts have found each condition to have supported a grant in certain cases, as summarized below:

- Moderate to Severe Asthma. *see, e.g., United States v. Rodriguez*, No. 3:17-cr-4477, 2020 WL 4592833, at *2 (S.D. Cal. Aug. 5, 2020) (chronic asthma considered condition weighing in favor of compassionate release) (citing *United States v. Heald*, 2020 WL 3180149 (E.D. Cal. June 15, 2020)).

- Hepatitis C, *see, e.g., United States v. Conner*, No. CR07-4095-LTS, 2020 WL 3053368, at *1 (N.D. Iowa June 8, 2020) (granting motion for compassionate release by petitioner with ongoing hepatitis B and C diagnoses); *see also United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (finding extraordinary

---

[1] This court has previously found U.S.S.G. § 1B1.13(1)(C)(i) is not binding after the passage of the First Step Act, but considers it guidance in deciding COVID-19 compassionate release cases. *See United States v. Bradley*, No. 2:14-cr-00293-KJM, 2020 WL 3802794, at *2–3 (E.D. Cal. July 7, 2020).

[2] Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html) (last accessed Oct. 1, 2020).

1 and compelling reasons where BOP records indicated petitioner suffered in part from
2 hepatitis B); *United States v. White*, No. 2:17-CR-00198-4, 2020 WL 3244122, at *4
3 (S.D.W. Va. June 12, 2020) (granting compassionate release to prisoner suffering from a
4 liver disease, hepatitis C and receiving treatment while at FCI Elkton).  *See additionally*
5 *United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *6 (S.D. Iowa
6 May 21, 2020) (granting compassionate release where defendant's medical records and
7 presentence investigation report showed he suffered from chronic hepatitis C for decades,
8 government did not dispute health risks but argued defendant was cured in 2018); *id.*
9 (noting not clear one's immune system simply rebounds from long-term hepatitis C
10 infection).

11 Assuming without deciding that Mr. Similton could demonstrate his health conditions put him at
12 risk in the face of a COVID-19 infection, the court notes other considerations weigh against
13 granting his motion.

14       In considering dangerousness under 18 U.S.C. § 3553 and Guidelines section
15 U.S.S.G. § 1B1.13(2), the court cannot conclude on the record before it that Mr. Similton would
16 not pose a danger to the community if released earlier than currently planned.  While his
17 conviction offense of felon in possession of a firearm is not a crime of violence as a matter of
18 law, *see United States v. Twine*, 344 F.3d 987, 988 (9th Cir. 1993), the facts here give the court
19 pause.  Officers seized a firearm from Mr. Similton, a STAG-15 with a collapsing stock pistol
20 grip, and a 45-round magazine loaded with 25 rounds, after he brandished the firearm during an
21 argument with a neighbor, all while Similton was on active probation.  *See* Presentence
22 Investigation Report (PSR) ¶¶ 4–11 (detailing facts of conviction offense).  Brandishing a weapon
23 in public is threatening behavior itself, and it is not the first time Mr. Similton has engaged in
24 such behavior while making verbal threats as well.  *Id.* ¶ 31; *see United States v. Eberhart*,
25 448 F. Supp. 3d 1086, 1089 (N.D. Cal. 2020).  This suggests a pattern of recidivism with respect
26 firearms violations involving threatening language or behavior.  The court also notes
27 Mr. Similton's past felony history, which also includes burglary and drug trafficking.  PSR ¶¶ 30–
28 32.

3

The facts underlying Mr. Similton's present conviction, considered in light of his criminal history, demonstrate Mr. Similton has not overcome the heightened danger his release to the community would pose. In particular, Mr. Similton has not addressed in any meaningful detail how the danger he may pose to the community can be offset by a release plan. He represents only that he will live with his sister in Bay City, California. Opp'n at 2.

The court **denies** Mr. Similton's motion, **without prejudice** and without resolving any issue other than exhaustion and the question of dangerousness on the current record.

IT IS SO ORDERED.

DATED: November 10, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE