UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| United States of America, | No. 2:18-cr-00169-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Herbert Cali Similton, | |
| Defendant. | |

Defendant Herbert Similton, represented by counsel, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), *see* Mot., ECF No. 51, or for reconsideration of the court's previous order denying his first motion for compassionate release, *see* Prev. Order (Nov. 12, 2020), ECF No. 43. He has not shown that his worsened health conditions are "extraordinary and compelling reasons" to grant that motion, so the court **denies it without prejudice**.

I. **LEGAL STANDARD**

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. The defendant must first exhaust administrative remedies. *Id.* § 3582(c)(1)(A). If a defendant has exhausted administrative remedies, as Mr. Similton has done, *see* Opp'n at 2, ECF No. 55, the analysis is twofold. First, the court must find "extraordinary and compelling reasons warrant" the requested

1

reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *See id.* § 3582(c)(1)(A).

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended November 1, 2018). These policy statements "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

"Although the Ninth Circuit has not expressly decided which party 'bears the burden in the context of a motion for compassionate release brought pursuant to § 3582(c) as amended by the [First Step Act], district courts to have done so,' including this court, 'agree that the burden remains with the defendant.'" *United States v. Mathews*, 557 F. Supp. 3d 1057, 1061 (E.D. Cal. 2021) (alterations in original) (quoting *United States v. Becerra*, No. 18-0080, 2021 WL 535432, at *3 (E.D. Cal. Feb. 12, 2021)).

**II.   DISCUSSION**

Mr. Similton is currently serving a 57-month sentence in Fort Worth Federal Medical Center (FMC). Opp'n Ex. 1, ECF No. 55-1. His projected release date is September 7, 2022, based upon application of good conduct time. *Id.* He has served approximately 47 months of his sentence. *Id.* Mr. Similton moves for compassionate release on the grounds his health has significantly deteriorated since he first moved for compassionate release. Mot. at 3 (citing medical records).[1]

---

[1] Mr. Similton requests leave to file certain documents related to his medical history and other personal information under seal. *See* Not., ECF No. 52. Having reviewed this request and the parties' briefs, the court has determined that no relevant facts are disputed. The court therefore treats the parties' briefs as a stipulation to those facts for purposes of this motion only. The **requests to file under seal are thus denied as moot**.

The Bureau of Prison (BOP) doctors agree Mr. Similton's chronic health conditions place him at "higher risk for severe illness" from COVID-19. *Id.* In 2021, BOP transferred Mr. Similton to a medical facility in Fort Worth so he could receive appropriate care and treatment. *Id.* at 7. However, Mr. Similton previously contracted and recovered from COVID-19, *see* Opp'n at 1–2, and he has refused vaccination, *id.* at 8; *see also* Mot. at 3. This court has held that a defendant's refusal to accept a vaccine undermines an assertion that extraordinary and compelling reasons exist to warrant a release, even where defendant claims an allergy to vaccination. *See, e.g., United States v. Figueroa*, No. 9-194, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive. In the worst-case scenario, this incentive might lead a person to unreasonably refuse necessary and readily available medical treatment in an effort to create 'extraordinary and compelling' circumstances when none exist."). Furthermore, according to the BOP's COVID-19 webpage, there is one confirmed active case of COVID-19 among the staff at Fort Worth FMC and one confirmed active case among inmates.[2] Extraordinary and compelling reasons do not justify relief under § 3582(c)(1)(A).

While the court need not reach the sentencing factors in § 3553(a), the facts relevant to this analysis have not meaningfully changed since its previous order denying Mr. Similton's first motion for compassionate release. The facts underlying Mr. Similton's conviction for being a felon in possession of a firearm are detailed in the court's previous order. Prev. Order (Nov. 12, 2020) at 3. The court found that it could not conclude on the record before it that Mr. Similton would not pose a danger to the community. *Id.* at 3–4 (citing 18 U.S.C. § 3553(a)). While Mr. Similton's release plan has changed insofar as he would be living with his wife and not his sister, it is not clear why this should lead the court to a different conclusion.

---

[2] *See* https://www.bop.gov/coronavirus/index.jsp (last accessed July 1, 2022).

### III. CONCLUSION

The motion (ECF No. 51) is **denied without prejudice to renewal** with evidence of an elevated personal risk of severe harm and, if possible, a release plan clarifying how Mr. Similton would not pose a danger to the community. The requests to file under seal (ECF No. 52) are **denied as moot**.

IT IS SO ORDERED.

DATED: July 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE